IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| Timothy Harrell, | ) | Case No. 4:23-cv-00032 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Nationstar Mortgage, LLC d/b/a Mr. Cooper, et al., | ) ) ) | **DEFENDANT USAA FEDERAL SAVINGS BANK'S REPLY TO PLAINTIFF'S OPPOSITION TO USAA FSB'S MOTION TO DISMISS** |
| Defendants. | ) | |

Defendant USAA FSB[1] submits this Reply to Plaintiff's Opposition to USAA FSB's Motion to Dismiss. (Doc. 17, "Opp.").

Plaintiff argues his Complaint should be broadly construed as he is pro se and that, *inter alia*, his factual allegations are sufficient as he is held to a less stringent pleading standard. (Opp. at PageID ## 168-69.) But "[w]hile a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed. Appx. 325, 328 (3d Cir. 2010), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Regardless, USAA SB's Motion is not predicated simply on inadequate pleading. No matter how broadly construed Plaintiff's allegations are, the Thirteenth Amendment does not provide for a private cause of action, Plaintiff concedes he is not alleging racial discrimination as is necessary to state a claim under Section 1982, and a lender not agreeing to modify a loan does not constitute a "compulsion" to work and unlawful peonage under Section 1994.

---

[1] Defined terms has the same meaning as in USAA FSB's Motion to Dismiss (Doc. 9, "Mot.").

22793129 v1

I. **PLAINTIFF'S THIRTEENTH AMENDMENT CLAIM FAILS**

Plaintiff argues that the Thirteenth Amendment provides for a cause of action for slavery "imposed for non-racial motives." (Opp. at Page ID ## 157, 159-60, 169-72, 177-78.)[2] USAA FSB certainly agrees that the Thirteenth Amendment prohibits slavery in any form (whether racial or non-racial), and has never claimed otherwise. Rather, USAA FSB moved to dismiss on the basis that the Thirteenth Amendment does not provide for a private cause of action at all, but rather can only be enforced through statutory claims. (*See* Mot. at PageID ## 127-28.)

Plaintiff quotes *Hodges v. United States*, 203 U.S. 1 (1906), (Opp. at PageID ## 170-71, 178), for the proposition that the Thirteenth Amendment, "by its own force, without the aid of legislation, conferred freedom upon every person (not legally held in custody for crime) within the jurisdiction of the United States." *Id.* at 35 (Harlan, J., dissenting). That case has no application here. In *Hodges*, the Supreme Court invalidated the defendants' criminal convictions under a civil rights statute, holding (at the time) that the Thirteenth Amendment merely abolished slavery and did not permit Congress to pass laws against racially motivated labor contracts. *Id.* at 14. It had nothing to do with whether a private cause of action exists. Regardless, the Supreme Court overruled *Hodges* over 55 years ago. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 441 n.78 (1968) ("Insofar as *Hodges* is inconsistent with our holding today, it is hereby overruled.").[3]

---

[2] Whether for the Thirteenth Amendment or Plaintiff's other claims, Plaintiff's arguments regarding each claim are broken up into various sections. For ease of review, USAA FSB has attempted to group Plaintiff's arguments as to each claim individually.

[3] Even the portion of *Hodges* that Plaintiff cites, which is the dissent, does not support his position. In the dissent, Justice Harlan observed (as Plaintiff quotes), that the Thirteenth Amendment operated to abolish slavery "without the aid of legislation"; i.e., that the Thirteenth Amendment was self-effectuating to free all persons enslaved. But the point of Justice Harlan's dissent was that Congress had the right to go further and implement laws providing remedies under the Thirteenth Amendment. *Id.* at 29 ("Congress then had the right to go further and to enforce its declaration by passing laws for the prosecution and punishment of those who should deprive, or attempt to deprive, any person of the rights thus conferred upon them."). Regardless, *Hodges* had nothing to do with whether a private cause of action existed, solely dealt with a criminal statute, and is no longer good law anyways.

Plaintiff next cites *Clyatt v. United States*, 197 U.S. 207 (1905) for a similar proposition. (Opp. at PageID ## 171, 177.) But this case had nothing to do with whether the Thirteenth Amendment provides for a private cause of action and rather dealt with the enforcement of criminal peonage statutes. And contrary to Plaintiff's position, the Supreme Court observed that the Thirteenth Amendment named "no party of authority" for its enforcement, but rather "grants to Congress power to enforce this prohibition by appropriate legislation." *Id.* at 216. Likewise, the remaining cases Plaintiff cites, *Robertson v. Baldwin*, 165 U.S. 275 (1897) and *Civil Rights Cases*, 109 U.S. 3 (1883) are equally inapplicable for essentially the same reasons.

Whatever causes of action Plaintiff may claim to have for alleged slavery, they are only actionable (if at all), through "appropriate legislation" of Congress. USCS Const. Amend. 13 § 2; *see, e.g.*, *Smith v. Kentucky*, 571 F. Supp. 3d 735, 739 (W.D. Ky. 2021).

**II.    PLAINTIFF ABANDONS A SECTION 1981 CLAIM.**

Plaintiff has clarified that he does not allege a claim under 42 U.S.C. § 1981. (Opp. at PageID # 172 n.2.) Accordingly, USAA FSB will address this issue no further.

**III.   THERE IS NO "NON-RACIAL" DISCRIMINATION CLAIM AVAILABLE UNDER SECTION 1982.**

Plaintiff concedes that he does not allege racial discrimination in any manner, but instead argues that Section 1982 also provides a cause of action for discrimination "imposed for non-racial motives." (Opp. at PageID # 157, *see also* PageID ## 158-59, 161-62, 172-74, 178-79.) Plaintiff is wrong.

The only case that Plaintiff cites in support is *Sullivan v. Little Hunting Park*, 396 U.S. 229 (1969). (Opp. at PageID # 161, 173, 178-79.) But *Sullivan* patently has no application as it involved a claim of racial discrimination. *Id.* at 236 ("It is open to every white person within the

geographic area, there being no selective element other than race. What we have here is a device functionally comparable to a racially restrictive covenant.") (internal citation omitted).[4]

Supreme Court and Fourth Circuit precedent are clear that a Section 1982 claim must be predicated on racial discrimination. *E.g.*, *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1016-17 (2020) ("[T]his Court has repeatedly held that a claim arises under §1982 when a citizen is not allowed 'to acquire property . . . *because of color*.' If a §1982 plaintiff must show the defendant's challenged conduct was 'because of' race, it is unclear how we might demand less from a §1981 plaintiff.") (emphasis in original); *Peters v. Jenney*, 327 F.3d 307, 318 (4th Cir. 2003) (noting that Section 1982 provides a cause of action for persons subject to "intentional racial discrimination"). Plaintiff concedes he does not allege any form of racial discrimination. Therefore, his Section 1982 claim fails as a matter of law.

## IV.   PLAINTIFF'S SECTION 1994 CLAIM FAILS

Plaintiff argues that Section 1994 prohibits peonage independent of racial motivation. (Opp. at PageID ## 158-59, 162-63, 174-76.) This may be, but it has nothing to do with USAA FSB's argument as to why Plaintiff's Section 1994 claim fails, which is that Plaintiff's allegations do not constitute involuntary labor. (See Mot. at PageID ## 129-31.)

Plaintiff simply engages in repetitive exposition arguing that his "signing of a note" meets the "labor element," and that the "force element" is satisfied because Defendants will not agree to a loan modification, which he contends deprives him of his "independent judgment" to

---

[4] Plaintiff also cites *Werth v. Fire Companies' Adjustment Bureau, Inc.*, 160 Va. 845 (1933) under the heading of his section regarding alleged Section 1982 authorities. (Opp. at PageID # 179.) However, it appears that Plaintiff cites this case in relation to his conspiracy claim. *Werth* did not involve the Thirteenth Amendment, any civil rights statutes, or even a claim of discrimination. Rather, it involved an anti-trust claim. Notably, the Virginia Supreme Court in *Werth* found that there could be no conspiracy when the underlying acts that formed the alleged conspiracy were not unlawful. *Id.* at 855 ("[T]here can be no conspiracy to do a legitimate act, an act which the law allows, nor malice therein. To give action there must not only be conspiracy, but conspiracy to do a wrongful act.").

dispose of the property (or something along those lines). (Opp. at PageID ## 162-63, 176.) Not surprisingly, Plaintiff cites nothing in support of his argument.

A person signing a note on a mortgage is not "labor." A person having to repay a mortgage is not "forced" to work. Nor does a lender's lack of willingness, years later, to modify a mortgage loan somehow transform the loan into a "compulsion" to work. (*See* Mot. at PageID ## 130-31 (collecting cases).) If Plaintiff's argument were accepted, any person could avoid their mortgage obligations by simply claiming the agreement constitutes unlawful peonage, which even Plaintiff tacitly concedes when he acknowledges that these elements "are necessarily present" and "inherent" in "the vast majority" of real estate transactions. (Opp. at PageID # 162.)

Simply put, as the District of Maryland concluded in dismissing an identical Section 1994 claim: "This claim is frivolous." *Ogunsula v. Holder*, No. GJH-15-1297, 2015 U.S. Dist. LEXIS 80932, *7 (D. Md. June 22, 2015).

## V. PLAINTIFF'S CONSPIRACY CLAIM FAILS

As Plaintiff's own cited authority of *Werth v. Fire Companies' Adjustment Bureau, Inc.*, 160 Va. 845 (1933) acknowledges, (*see* Opp. at PageID # 179), a claim for conspiracy must be predicated on underlying acts that are unlawful. *Id.* at 855. As Plaintiff's underlying claims fail for the reasons above, his conspiracy claim likewise fails as a matter of law.

## VI. CONCLUSION

USAA FSB's Motion should be granted.

Respectfully submitted,

By: */s/ Laura A. Seferian*
Laura A. Seferian (VA Bar No. 92510)
Benesch, Friedlander, Coplan & Aronoff
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 212-4949
lseferian@beneschlaw.com
*Attorney for Defendant*
*USAA Savings Bank*

### CERTIFICATE OF SERVICE

A copy of the foregoing Reply to Plaintiff's Opposition to USAA FSB's Motion to Dismiss was served, via overnight mail, on the 8th day of May, 2023, upon the following:

Timothy Harrell
116 Brassie Drive
Yorktown, VA 23693-5592
*Pro Se Plaintiff*

*/s/ Laura A. Seferian*
Laura A. Seferian

6

22793129 v1